**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **IN RE: Z E SERVICES L L C** | **CASE NO. 6:22-CV-02354** |
| **VERSUS** | **CHIEF JUDGE DOUGHTY** |
| | **MAGISTRATE JUDGE AYO** |

## REPORT AND RECOMMENDATION

Before the Court is CLAIMANT'S 12(B)(1) MOTION TO DISMISS LIMITATION PROCEEDING filed by Claimant-in-Limitation Jimmy Arnaud. (Rec. Doc. 6). Petitioner Z.E. Services, LLC opposed the motion. (Rec. Doc. 10). Arnaud filed a reply to Petitioner's opposition (Rec. Doc. 14). By order dated May 17, 2023, this Court noted that the timeliness of a limitation action brought pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq*. no longer implicated the court's subject matter jurisdiction and informed the parties that Arnaud's timeliness challenge would be addressed via summary judgment *sua sponte* as permitted by Federal Rule of Civil Procedure 56(f) and that a Report and Recommendation would be issued to Chief Judge Doughty. (Rec. Doc. 17).[1] Petitioner filed an opposition to Arnaud's motion as converted to a motion for summary judgment. (Rec. Doc. 20).

[1] In *In re Bonvillian Marine Serv., Inc.*, 19 F.4th 787 (5th Cir. 2021), the Fifth Circuit held that the six-month window under 46 U.S.C. § 30511(a), subsequently redesignated as 46 U.S.C. § 30529(a), no longer implicated subject matter jurisdiction but was rather a claim processing rule. Since subject matter jurisdiction was no longer implicated, a motion to dismiss under Rule 12(b)(1) could no longer be asserted, leaving summary judgment as the pre-trial procedural vehicle for asserting untimeliness. Arnaud's motion is not technically proper since it seeks dismissal for lack of subject matter jurisdiction although the substance of the motion—the untimeliness of Petitioner's limitation action—can be asserted via summary judgment. The Court's order noted that Rule 56(f) requires "notice and a reasonable time to respond" and allowed the parties to supplement their briefing and evidence relative to the merits of the timeliness question under a summary judgment analysis. (Rec. Doc. 17).

The motion was referred to undersigned for issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, the law, and the parties' arguments, and for the reasons explained below, the Court recommends that the motion as converted be DENIED.

**Factual and Procedural Background**

On July 29, 2022, Petitioner filed a Verified Complaint for Exoneration From or Limitation of Liability in this Court pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq*. (Rec. Doc. 1).[2] Petitioner alleges that the *M/V Luke Guidry, Jr*. ("Vessel") was located in the navigable waters of Stouts Pass near Morgan City, Louisiana on February 12, 2019 when Arnaud, an employee of Petitioner, claimed to have been injured when a spud on the Vessel broke and fell. (*Id*. at ¶¶10-11). The complaint referenced two petitions filed by Arnaud in two separate Louisiana state courts. *Jimmy Arnaud v. Z.E. Servs., LLC, et al*., Docket No. 136437, St. Mary Parish, Louisiana; *Jimmy Arnaud v. Z.E. Servs., LLC, et al*., Docket No. 91336, St. Martin Parish, Louisiana. (*Id*. at ¶ 12).[3] According to the Declaration of Value, the Vessel had a fair market value of $500,000 after the accident. (Rec. Doc. 1-3). Arnaud filed an answer to the complaint and a counterclaim against Petitioner. (Rec. Doc. 5).

Arnaud filed the instant motion to dismiss the same day he filed his answer and counterclaim. (Rec. Doc. 6). The motion states that Arnaud, a Jones Act seaman, was employed by Petitioner and was working in the course and scope of his

[2] As stated in Note 1, *supra*, 46 U.S.C. § 30511 was redesignated as 46 U.S.C. § 30529. References to the statute herein will be as redesignated unless contained in a quotation.
[3] The petitions are not attached as exhibits to the Complaint.

employment on the Vessel when the Vessel ran aground on a sandbar near the mouth of the Atchafalaya River, causing injuries to his neck and back. (Rec. Doc. 6-1 at 3). According to the motion, Petitioner's complaint was untimely because it had been filed in excess of six months from the time Petitioner had received written notice of Arnaud's claim, specifically, a June 19, 2020[4] letter to Petitioner from Arnaud's prior counsel advising of his representation of Arnaud. (Rec. Doc. 6-3). Arnaud's motion also discussed his medical treatment subsequent to the accident and attached 152 pages of medical records (Rec. Doc. 6-4), a May 25, 2021 Return to Work Certificate from Dr. George Raymond Williams noting that Arnaud may not return to work (Rec. Doc. 6-5), ten pages of additional records (Rec. Doc. 6-6), and 82 pages of additional records (Rec. Doc. 6-7). According to Arnaud, these records and communications constituted sufficient information to put Petitioner on notice that Arnaud's claim might exceed the Vessel's value such that Petitioner's complaint filed on July 29, 2022 was untimely. Given the alleged untimeliness, Arnaud argued that this Court lacks subject matter jurisdiction.

Petitioner responded and first noted correctly that the Fifth Circuit had held in *In re Bonvillian Marine Serv., Inc.*, 19 F.4th 787 (5th Cir. 2021), that the six-month window in 46 U.S.C. § 30529(a) no longer implicated subject matter jurisdiction. (Rec. Doc. 10). On the merits, Petitioner argued that its complaint was timely—since it was filed within six months of service of Arnaud's state court petitions—and emphasized that courts have refused to find that communications

---

[4] Arnaud's supporting memorandum states that the letter was dated June 19, 2019. (Rec. Doc. 61 at 3, 4, 6)

pertaining to maintenance and cure constitute sufficient written notice of a claim subject to limitation. Arnaud's reply memorandum did not address Petitioner's jurisdiction argument and focused instead on the applicability of an Eastern District of Louisiana case cited in his original motion and distinguished by Petitioner. (Rec. Doc. 14).

On May 17, 2023, the Court issued an order acknowledging the procedural issue given the contention in Arnaud's motion that this Court lacked subject matter jurisdiction and Petitioner's argument that *Bonvillian* had held that the six-month window in Section 30529(a) was a claim processing rule and not a jurisdictional rule. (Rec. Doc. 17). Given that timeliness was no longer jurisdictional, a motion under Rule 12(b)(1) was not a proper procedural vehicle for challenging timeliness; however, the question could be addressed via summary judgment. (*Id.*). Pursuant to Rule 56(f), the Court advised the parties that it would address the timeliness question via summary judgment *sua sponte*. Since Rule 56(f) requires "notice and a reasonable time to respond" before a court can consider summary judgment on its own motion, the Court granted the parties leave to supplement their briefing relative to the merits of the timeliness issue. (*Id.*). After granting the parties' request for an extension of time (Motion, Rec. Doc. 18; Order, Rec. Doc. 19), Petitioner filed an opposition (Rec. Doc. 20). The motion, as converted to a motion for summary judgment, is now ripe for ruling.

## Analysis

### I. Summary Judgment Standards

Under Federal Rule of Civil Procedure Rule 56(a), summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56(a) also permits partial summary judgment on any part of a claim or defense. A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the applicable governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008) (citing *Anderson,* 477 U.S. at 252); *Hamilton,* 232 F.3d at 477.

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that demonstrate the absence of genuine issues of material fact. *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir.2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of a material fact. *Washburn v. Harvey*, 504 F.3d at 508. All facts and inferences are construed in the light most favorable to the nonmoving party. *Brumfield v. Hollins*, 551 F.3d at 326 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)).

The practical effect of *Bonvillian* is that a motion for summary judgment is the procedural vehicle for pretrial inquiry into the timeliness of a limitation action. Since the issue is no longer jurisdictional, a motion under Rule 12(b)(1) is not an option. Since the analysis is contextual and usually cannot be decided on the face of a limitation complaint, thus requiring consideration of evidence, a motion under Rule 12(b)(6) is not feasible. In any event, limitation actions such as the instant case are tried to the bench, and the Fifth Circuit has held that district courts have more latitude in ruling on motions for summary judgment in bench trial matters. In *Matter of Placid Oil Co.*, 932 F.2d 394 (5th Cir. 1991), the Fifth Circuit cited its 1978 decision in *Nunez v. Superior Oil Co*., 572 F.2d 1119 (5th Cir. 1978), in

> recognizing that it makes little sense to forbid the judge from drawing inferences from the evidence submitted on summary judgment when that same judge will act as the trier of fact, unless those inferences involve issues of witness credibility or disputed material facts. If a trial on the merits will not enhance the court's ability to draw inferences and conclusions, then a district judge properly should "draw his inferences without resort to the expense of trial."

932 F.2d at 398 (citation omitted). *See also Jones v. United States*, 936 F.3d 318, 321-22 (5th Cir. 2019) ("When deciding a motion for summary judgment prior to a bench trial, the district court 'has the limited discretion to decide that the same evidence, presented to him or her as a trier of fact in a plenary trial, could not possibly lead to a different result.'"); *Tsuhlares v. Adriatic Marine, LLC*, 2018 WL 3673303 (W.D. La.) (citing *Placid Oil* and *Nunez* in granting motion for summary judgment on seaman status); *Matter of Dredge Big Bear*, 525 F. Supp. 3d 731, 737

(M.D. La. 2021) (quoting *Tsuhlares* and noting that "[b]ecause this case will be tried to the bench, the usual summary judgment standard is altered somewhat.").

The evidence submitted in connection with the instant motion consists of one letter, medical records, and other documents. Determining the timeliness of Petitioner's limitation action based on such evidence will not require the Court to resolve credibility issues. In other words, whether those documents communicated to Petitioner the reasonable possibility of a claim and whether those documents communicated to Petitioner the reasonable possibility of damages in excess of the Vessel's value can be determined from the documents themselves. Under the circumstances of this case, the Court finds that the timeliness of Petitioner's limitation action can be resolved via summary judgment.

## II. 46 U.S.C. § 30529(a), Overruling of the *Eckstein* Jurisdiction Rule, Post-*Bonvillian* Standard for Timeliness

Under 46 U.S.C. § 30529(a), "The action [for limitation of liability] must be brought within 6 months after a claimant gives the owner written notice of a claim." Courts faced with challenges to the timeliness of limitation actions regularly concluded that non-compliance with the six-month filing requirement implicated subject matter jurisdiction. Arnaud's motion sought dismissal on this ground. However, the standard regarding timeliness was developed in the seminal Fifth Circuit cases holding that the six-month filing requirement was jurisdictional and remained, from this Court's perspective, unchanged by the Fifth Circuit in *Bonvillian*.

In 2012, the Fifth Circuit unequivocally stated that "[t]his circuit, like several other courts, has held that a party alleging a limitation petition was not timely filed challenges the district court's subject matter jurisdiction over that petition." *In re Eckstein Marine Serv., LLC*, 672 F.3d 310, 315 (5th Cir. 2012). The claimant in *Eckstein* was a crew member on a tug boat who, on February 28, 2009, had become entangled in a line and was pulled into a mooring bit, resulting in significant injuries to his left leg and requiring two weeks of hospitalization. 672 F.3d at 313-14. On April 28, 2009, the claimant served the vessel owner with a Texas state court complaint based on the accident. *Id.* at 314. The petition alleged permanent and substantial injuries but did not specify the amount of damages sought. *Id.* After discovery in the state court suit and a settlement demand for $3 million, the vessel owner filed its limitation action in federal court on January 18, 2010 and alleged that its vessel was worth $750,000. *Id.*

The district court dismissed the vessel owner's complaint for lack of subject matter jurisdiction. On appeal, the Fifth Circuit rejected the vessel owner's argument that timeliness was not a jurisdictional issue. The Court noted that the six-month window is "triggered only if and when the written notice reveals a 'reasonable possibility' that the claim will exceed the value of the vessel. . . ." *Id.* at 317. The Court's recognized that "[w]hether a written notice reveals a 'reasonable possibility' that a claim will exceed the value of the vessel requires the court to engage in a fact-intensive inquiry into the circumstances of the case." *Id.* The Fifth Circuit agreed with the district court's finding that the filing of the complaint in

state court established a reasonable possibility that the claimant's damages might exceed the vessel's value of $750,000 and affirmed the judgment granting the claimant's motion to dismiss.

Two years later, the Fifth Circuit relied on *Eckstein* to arrive at the same conclusion in *In re RLB Contracting, Inc.*, 773 F.3d 596 (5th Cir. 2014). A vessel owner filed a limitation action where the vessel was also worth $750,000. In that case, a vessel was engaged in dredging operations in Texas on July 1, 2011. 773 F.3d at 599. A fishing vessel carrying two adults and two children collided with a floating dredge pipe associated with the vessel. *Id.* All four occupants were thrown overboard and the female child passenger was killed. *Id.* Suit was filed in state court in Texas on June 14, 2012, and the vessel owner filed its limitation action on December 28, 2012. *Id.*

The claimants moved to dismiss the limitation action as untimely, contending that the vessel owner had received written notice in excess of six months prior to the date the limitation action had been filed. *Id.* The claimants referred to numerous emails between their counsel and RLB's counsel. *Id.* Even though the claimants had filed a motion to dismiss, the district court converted it to a motion for summary judgment. After discussing the details of the correspondence, the district court granted summary judgment and dismissed the limitation action as time-barred. *Id.* at 600.

The vessel owner appealed. The Fifth Circuit, citing *Eckstein*, prefaced its analysis with the rule that a challenge to the timeliness of a limitation action

challenged the district court's jurisdiction. *Id*. at 601. After emphasizing that compliance with Section 30529(a) is jurisdictional, the Court summarized the standard as follows, mentioning the "fact-intensive inquiry" from *Eckstein*:

> We have said that a communication qualifies as "written notice" if it "reveals a 'reasonable possibility' that the claim will exceed the value of the vessel." This standard evokes two inquiries: (1) whether the writing communicates the *reasonable possibility* of a claim, and (2) whether it communicates the *reasonable possibility* of damages in excess of the vessel's value. Answering these questions requires a "fact-intensive inquiry into the circumstances of the case."

*Id*. at 602 (italics in original & citations omitted).

The Fifth Circuit also expressly held that "aggregate notice"—a series of communications, none of which would constitute notice on its own—may be considered together to find "written notice." *Id*. at 603. The Court then analyzed whether the series of letters between the parties conveyed a reasonable possibility of a potential claim and whether those letters established a reasonable possibility that the amount of the claim would exceed the vessel's value. The Court ultimately found that both elements had been satisfied.

Despite the holdings in *Eckstein* and *RLB Contracting*, the Fifth Circuit was compelled to overrule the *Eckstein* jurisdiction rule in *Bonvillian, supra*. In that case, a vessel belonging to Bonvillian allided with a crew boat docked on the Mississippi River near Port Sulphur, Louisiana. A member of the crew boat sustained injuries and sued Bonvillian in state court on August 23, 2019. 19 F.4th at 789. On December 16, 2019, Bonvillian filed its limitation complaint in the Eastern District of Louisiana. The owner of the crew boat moved to dismiss the

matter for lack of subject matter jurisdiction. The district court, relying on *Eckstein* as it was required to do, found the suit untimely and dismissed for lack of jurisdiction.

Bonvillian appealed and argued that the Supreme Court's decision in *United States v. Kwai Fun Wong*, 575 U.S. 402, 135 S. Ct. 1625, 191 L. Ed. 2d 533 (2015), a decision subsequent to *Eckstein*, called into question *Eckstein*'s continuing viability. The Fifth Circuit noted that its decision in *Eckstein* affirmatively held that the six-month filing requirement was jurisdictional. The Court further noted that *RLB Contracting* was the only published Fifth Circuit decision citing *Eckstein* for the proposition that the six-month filing requirement was jurisdictional.

The Fifth Circuit was compelled by *Kwai Fun Wong* to conclude "that our rule has fallen out of step with the Supreme Court's most recent jurisprudence on the jurisdictional import of statutory 'procedural rules' like § 30511(a)'s time bar." *Id.* at 790. Recognizing that the *Eckstein* jurisdiction rule would not survive scrutiny under *Kwai Fun Wong*, the Fifth Circuit was "obliged to acknowledge the Supreme Court's implicit overruling of *Eckstein* and now holds that the time limitation set forth in 46 U.S.C. § 30511(a) is a mere claim-processing rule which has no bearing on a district court's subject matter jurisdiction." *Id.* at 794. In concluding in *Bonvillian* that the *Eckstein* jurisdiction rule could no longer be applied, the Fifth Circuit did not address much less alter or overrule the two-prong "reasonable possibility" test articulated in *Eckstein* and reiterated in *RLB Contracting*. That standard guides this Court's analysis of Arnaud's timeliness challenge.

## III. Timeliness of Petitioner's Complaint

The content of the communication between the parties subsequent to the February 12, 2019 accident and the records provided to Petitioner must be considered to complete the two-prong "reasonable possibility" analysis as required by *Eckstein* in order to determine whether Petitioner had "written notice of a claim" as required by 46 U.S.C. § 30529(a). Arnaud relies heavily on the June 19, 2020 letter of representation sent by his prior counsel to Petitioner and a claims adjuster with Aucoin Claims Service, Inc. This letter states in full:

> We are the attorneys for Jimmy Arnaud in connection with a work[-]related accident and injuries which he suffered in your employ on or about February 12, 2019. In consequence, we ask that you direct all further communications of any kind or type relative to this matter to this writer.
>
> Moreover, we request that you provide a duplicate copy of any statement, written or recorded, which you may have obtained from Jimmy Arnaud.
>
> We also request that you provide a copy of the following items, to the extent that they presently exist:
>
> - any and all accident report(s) including, but not limited to, the Employer's First Report of Accident or Occupational Illness, USCG – Report of Marine Accident, Injury or Death (CG-2692)[;]
> - any and all recorded statements, in any form, obtained from any person regarding any facts pertinent to this event;
> - any and all hospital records, medical reports, etc. which you may have obtained concerning Jimmy Arnaud whether or not said hospital records, medical reports, etc. relate to this event – the event of February 12, 2019, - or any other even [sic], and
> - any and all benefit booklets concerning any and all benefits offered by your company, without regard to whether or not Jimmy Arnaud was enrolled in said benefit program, including, but not limited to, Group Health Insurance, Scholarship Program, 401K Retirement, Profit Sharing, Safety Awards Program,

> Safety Pay Program, Group Major Medical Insurance, and Disability Insurance, etc.

(Rec. Doc. 6-3). This is the only communication by counsel for Arnaud to Petitioner attached to Arnaud's motion. The remainder of the attachments include medical records and other documents regarding Arnaud's medical treatment and clearance to work.

With respect to the June 19, 2020 letter from Arnaud's prior counsel, the Court cannot conclude that this correspondence sufficed to provide notice to Petitioner and agrees with Petitioner's reliance on this Court's decision in *In re United Marine Offshore, LLC*, 2019 WL 2170642 (W.D. La.). In that case, a limitation action was filed on August 14, 2018 based on an April 26, 2017 accident when Keith Caywood, a deckhand employed on a vessel, was injured. The limitation action was filed within six months of service on United Marine, the vessel owner, of the Caywood's state court petition.

Caywood moved to dismiss the limitation action as untimely, relying first as Arnaud does here on a letter of representation from his counsel. United Marine contended that those communications did not start the six-month clock because they pertained to its maintenance and cure obligation and did not put it on notice that Caywood was asserting a claim for negligence or unseaworthiness that exceeded the value of the subject vessel. After summarizing the letter of representation and citing the *Eckstein* and *RLB Contracting* standard, Magistrate Judge Hanna concluded, "The letter contains no indication that Mr. Caywood was asserting a claim against United Marine for negligence or unseaworthiness nor does

the letter address in any way the value of such claim that Mr. Caywood might have had. Therefore, this letter does not constitute notice sufficient to start the six-month time period running." 2019 WL 2170642. Caywood argued that a later letter from different counsel started the six-month clock. That letter requested information regarding United Marine's insurance coverage and copies of statements and investigative material; however, "there is no indication in the letter that a negligence or unseaworthiness claim was being pursued by Mr. Caywood against United Marine." *Id*. at *5.

The same can be said about the letter of representation sent to Petitioner. It merely advised Petitioner that Arnaud was represented by counsel "in connection with a work[-]related accident and injuries which he suffered in your employ[,] requested that further communications be addressed to counsel, and requested certain listed information that would be customary in a maritime workplace accident. (Rec. Doc. 6-3). The requested information pertained more to employment-related information, rather than to any claim "subject to limitation."

On this point, Arnaud relies on the Eastern District of Louisiana's decision in *In re CDM Resource Management, LLC*, 2015 WL 6473155 (E.D. La.). Gary Hyatt was employed on board a CDM-owned vessel when it struck an object. Beginning in January 2014, Hyatt and CDM exchanged a series of emails pertaining to Hyatt's medical treatment and Louisiana workers' compensation benefits. The Court emphasized a July 18, 2014 letter from Hyatt's attorney advising CDM of his representation of Hyatt "with regard to damages [Hyatt] sustained. . . ." 2015 WL

6473155 at *1 (modification in original). The letter requested, *inter alia*, Hyatt's personnel file, medical records, and statements.

Hyatt filed suit in state court on December 1, 2014. CDM filed its limitation action on January 16, 2015, within six months of the state court suit but in excess of six months from the July 18, 2014 letter. Hyatt opposed a motion for partial summary judgment filed by CDM by arguing that CDM's limitation action was untimely. The court found that the July 8, 2014 letter had communicated to CDM the possibility of a claim exceeding the vessel's value of $92,000. Notably, the decision mentioned that communications between Hyatt and CDM had begun in January 2014 and later included the July 8, 2014 letter. *Id*. at *1. Also, the July 8, 2014 letter referenced "damages." Here, Arnaud does not include any correspondence prior to the June 19, 2020 letter of representation, unlike in *CDM Resource Management* where the letter of representation came subsequent to prior communications. Nor did Arnaud's letter reference "damages" or some similar term which could be construed—as was the case in *CDM Resource Management*—as putting Petitioner on notice that he was seeking recovery separate and apart from maintenance and cure, *i.e.*, a claim subject to limitation.

The distinction is subtle put pivotal, as Judge Trimble recognized in *In re Prosper Operators, Inc.*, 2017 WL 3495761 (W.D. La.), the only case from a court within the Fifth Circuit[5] to cite *CDM Resource Management*. In *Prosper*, Navarre was injured on his employer's vessel on June 14, 2015 and began receiving workers'

[5] Only one other case has cited *CDM Resource Management*. *Matter of Martz*, 498 F. Supp. 3d 1116, 1126 n. 52 (D. Alaska 2020). The Ninth Circuit reversed that decision in *Martz v. Horazdovsky*, 33 F.4th 1157 (9th Cir. 2022).

compensation benefits. On August 6, 2015, Navarre's counsel sent a letter of representation "with regard to [Navarre's] workers' compensation claim." 2017 WL 3495761 at *1. Counsel sent another letter on October 7, 2015 advising Prosper of Navarre's inability to undergo a functional capacity examination and attaching a report from an orthopedic surgeon listing Navarre's injuries. *Id.* On April 7, 2016, Navarre filed suit in state court. Prosper filed its limitation complaint on September 28, 2016. The Court noted that no communications were submitted between October 2015 and April 2016.

As Arnaud did here, Navarre moved to dismiss Prosper's limitation action for lack of subject matter jurisdiction as being untimely. He contended that Prosper had received written notice of a claim subject to limitation by October 2015 at the latest, after counsel had sent the August 2015 letter and after Prosper had been informed of the extent of Navarre's injuries. *Id.* at *3. Judge Trimble discussed *CDM Resource Management*, pointing out that the letter in that case had referred to "damages" and that the claimant had never had a dispute regarding his workers' compensation benefits. The distinction was pivotal:

> While both the August letter and the letter in *CDM Resource Management* asked for a personnel file, payroll information, and medical information, the overall content and context of the letters are distinguishable. Unlike the letter in *CDM Resource Management* **which stated that the attorney was being retained in regard to damages sustained**, the August letter sent by Navarre's attorney specifically stated that the attorney was being retained with regard to Navarre's workers' compensation claim, **and it made no mention of any other possible claims.** The August letter communicates a hope for cooperation regarding the workers' compensation claim and seeks authorization to further evaluate Navarre's injuries. The only subsequent communication submitted to the court is a letter from

> Navarre's attorney to Prosper's insurer discussing the scheduled functional capacity examination, an examination that is relied on to determine workers' compensation benefits. In contrast, the letter in *In re CDM Resource Management LLC* was sent after a lengthy written correspondence regarding workers' compensation benefits in which the parties expressed no dispute regarding the benefits.

*Id*. at *4 (citations and footnotes omitted & emphasis added). This Court must engage in the same exercise and concludes that the June 19, 2020 letter of representation from Arnaud's prior counsel to Petitioner is more akin to the letter in *Prosper* than the letter in *CDM Resource Management* for the same reasons expressed by Judge Trimble:

> Because the letter sent by Navarre's counsel focused on workers' compensation benefits and the subsequent communication also focused on workers' compensation benefits, the court finds that these correspondences did not create a reasonable possibility of a claim subject to limitation and therefore do not constitute written notice under 46 U.S.C. § 30511(a). The only written notice submitted by the parties that would create a reasonable possibility of a claim is the petition filed in April 2016. The current limitation action was filed within six months of the state court petition.

*Id*. at *5. Based on the circumstances in this case, *CDM Resource Management* is distinguishable and this Court's decision in *Prosper* is more analogous. The June 19, 2020 letter is the only correspondence attached to Arnaud's motion, unlike the lengthy correspondence referenced in *CDM Resource Management*. The medical records and other records likewise fail to communicate to Petitioner that Arnaud was asserting a claim subject to limitation.

Even assuming, *arguendo*, that the letter of representation, medical records, and other records sufficed to communicate to Petitioner a reasonable possibility of a claim, *i.e.*, the first prong of the *Eckstein* standard, these documents fail to

communicate the reasonable possibility of damages in excess of the Vessel's value, *i.e.*, the second prong of the *Eckstein* standard. The vessel in *CDM Resource Management* was valued at $92,000 and this valuation presumably factored into the finding that the vessel owner had received notice that the claim would exceed $92,000. The Vessel in this case is valued at $500,000.[6] (Declaration of Value, Rec. Doc. 1-3).

For the Court to conclude that Arnaud had communicated Petitioner a reasonable possibility of damages in excess of $500,000 based on the documents submitted, the Court must (1) dissect Arnaud's medical records and treatment over time and (2) conduct a quantum analysis to determine at what point in time Petitioner had received sufficient information to conclude that the damage model for a claim assertable by Arnaud *subject to limitation* could exceed $500,000.

The exercise this Court must undertake is similar to the exercise undertaken when determining the timeliness of a removal based on the receipt of "other paper" under 28 U.S.C. § 1446(b)(3). In such cases, plaintiffs move to remand and argue that the defendant had notice of removability based on the receipt of medical records and/or discovery responses. *See generally Shehadeh v. Bergeron*, 2020 WL 9720423 (M.D. La.). Courts are called to determine whether a defendant had received sufficient information to determine the $75,000 amount in controversy more than 30 days from removal. In both "other paper" removals and apparently in timeliness challenges to limitation actions as presented by Arnaud's motion, the analysis is highly contextual and oftentimes laborious. "Other paper" jurisprudence

[6] The vessel in *Prosper* was valued at $20,000. 2017 WL 3495761 at *1.

is helpful is articulating a court's role in determining timeliness of such removals and is likewise helpful in determining the timeliness of a limitation action. For example, this Court is *Chandler v. Ruston La. Hosp. Co., LLC*, summarized the level of scrutiny a removing defendant must give to information provided by a plaintiff prior to removal:

> Plaintiff's argument is correct in that the 30 day period had not been triggered at the time of removal. It is incorrect that the removal is premature. The 30-day time limit to remove under Section 1446(b)(3) is only triggered when the factual basis for removal can be proven by evidence that is unequivocally clear and certain. Consequently, if a defendant has to analyze and dissect medical treatment records to divine whether the nature and cause of a plaintiff's injuries satisfy the amount in controversy requirement, then those papers do not suffice to trigger the 30 day time period. Relatedly, if a defendant has to conduct independent research by consulting "quantum books," then the discovery responses are not sufficiently unequivocally clear and certain to trigger the 30-day removal period.

2014 WL 1096365 at *5 (W.D. La.) (citation omitted). *See also Lewis v. Lowe's Home Centers, LLC*, 2022 WL 11458929 at *3 (W.D. La.); *Shehadeh v. Bergeron*, 2020 WL 9720423 at *5 (M.D. La.); *Elkins v. Bradshaw*, 2019 WL 2096126 at *4 (M.D. La.). Based on the evidence submitted, the Court cannot conclude that Arnaud communicated to Petitioner that his damages could exceed $500,000 without an exhaustive quantum analysis, especially a damage model that evolves over time given the progression of Arnaud's medical treatment.

**Conclusion**

For the reasons discussed herein, the Court recommends that CLAIMANT'S 12(B)(1) MOTION TO DISMISS LIMITATION PROCEEDING filed by Claimant-in-

Limitation Jimmy Arnaud (Rec. Doc. 6) as converted to a Motion for Summary Judgment be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 26th day of September, 2023.

DAVID J. AYO
UNITED STATES MAGISTRATE JUDGE